UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARY ANN BOUDREAU,

V.

BACOU USA, INC. AND PRUDENTIAL INSURANCE COMPANY

CIVIL ACTION NO.: 05-154

**DEFENDANTS', BACOU USA, INC. AND THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, ANSWER TO PLAINTIFF'S COMPLAINT**

FIRST DEFENSE

The Complaint of the Plaintiff fails to state a claim against the Defendants upon which relief may be granted.

SECOND DEFENSE

The Defendants respond to the allegations contained in the Plaintiff's Complaint, paragraph by paragraph, as follows:

COUNT 1

1. The defendants are without knowledge and information sufficient to either admit or deny the allegations as to the residence of the Plaintiff and admit the remainder of the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2. The Defendants admit that this Court has jurisdiction under 29 USC §1144 and deny the remainder of the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3. The Defendants admit the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4. The Defendants admit that Plaintiff was an employee of Uvex and was provided with long term disability benefits as part of her employment and deny the remainder of the allegations contained in Paragraph 4 of the Plaintiff's Complaint.



(4)

5. The Defendants admit that Plaintiff filed a claim for long term disability benefits and further answer that the terms and conditions of the Plan speak for themselves and deny the remainder of the allegations contained in Paragraph 5.

6. The Defendants admit that Plaintiff filed a claim for long term disability benefits and as a result of that claim, Prudential paid long term disability benefits to the Plaintiff and deny the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7. The Defendants admit that Plaintiff filed a claim for long term disability benefits and further answer that the terms and conditions of the Plan speak for themselves and deny the remainder of the allegations contained in Paragraph 7.

8. The Defendants admit that Plaintiff received benefits and that said benefits ceased at a certain time and Defendants are without knowledge and information sufficient to either admit or deny the remainder of the allegations contained in Paragraph 8 of the Complaint.

9. The Defendants deny the allegations contained in Paragraph 9 of the plaintiff's complaint.

10. The Defendants deny the allegations contained in Paragraph 10 of the plaintiff's complaint.

WHEREFORE, Defendants ask that all counts be dismissed and that this Court grant them attorneys' fees, costs and any other such relief that this Court deems just and equitable.

## FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that Prudential has fully performed its contractual duties owed to the Plaintiff and Plaintiff is estopped from asserting claims against Prudential.

## THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that Prudential's handling of Plaintiff's claims for long term disability benefits complied fully with terms and conditions of the LTD Plan.

## FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that Defendants have complied with and performed all of its promises, obligations and duties to Plaintiff under the Long Term Disability Plan and handling of the Plaintiff's claim for Long Term Disability benefits complied fully with terms and conditions of ERISA.

FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff is not entitled to disability benefits under the Long Term Disability Plan because she is not "totally disabled" as that phrase is defined in the Plan.

SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that Plaintiff's demand for attorney fees should not be granted because under ERISA 29 USC §1132(g) the defenses asserted by the Defendants are reasonable and made in good faith.

SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that each and every act done or statement made by Prudential with reference to the Plaintiff was a good faith assertion of Prudential's rights and therefore was privileged and/or justified.

EIGHTH AFFIRMATIVE DEFENSE

Pursuant to 29 USC §1132(g), Defendants are entitled to an award of its reasonable attorney fees incurred in defense of this matter.

NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that they are not liable to Plaintiff for long term disability benefits.

TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Defendants reserve its right to assert additional defenses up to time of trial.

Respectfully submitted,

BACOU USA, INC. and
THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

Michael J. Pisaturo, #5936
THE LAW OFFICE OF MICHAEL J. PISATURO,
PC
1312 Atwood Avenue
Johnston, RI 02919
Telephone: (401)464-8111
Facsimile: (401)942-4928

William T. Bogaert
Application for Admission Pro Hac Vice pending
Carey L. Bertrand
Application for Admission Pro Hac Vice pending
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110
Telephone: (617) 422-5300
Facsimile: (617)423-6917

## CERTIFICATE OF SERVICE

I, Michael J. Pisaturo, hereby certify that on this 4th day of May 2005, I served a copy of the foregoing upon all parties of record by mailing same postage prepaid to:

Anthony Gianfrancesco, Esq.
Baluch, Gianfrancesco, Mathieu & Szerlag
155 South Main Street, Suite 101
Providence, Rhode Island 02903-2963

Michael J. Pisaturo, Esq.