FILED
OCT 0 7 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MARY ANN BOUDREAU<br>Plaintiff | : | |
| | : | |
| VS. | : | C.A. NO.: 05-154S |
| | : | |
| BACOU USA, INC. and<br>PRUDENTIAL INSURANCE COMPANY<br>Defendant | : | |

**L.R. 12.1 STATEMENT OF UNDISPUTED FACTS OF THE PLAINTIFF IN CONNECTION WITH HER MOTION FOR SUMMARY JUDGMENT**

Pursuant to L.R. 12.1 (1) of the United States District Court for the District of Rhode Island, Mary Ann Boudreau (hereinafter collectively referred to as "Ms. Boudreau"), submits this statement of material facts as to which she contends there is a genuine issue necessary to be litigated.

**STATEMENT OF UNDISPUTED FACTS**

The following is Ms. Boudreau's L.R. 12.1(1) concise statement of all undisputed material facts:

1. Ms. Boudreau was employed as a buyer for the defendant Uvex Corp. (a subsidiary of Bacou USA, Inc.) for almost twenty years (MAB 0055-0056; 0061).

2. Ms. Boudreau worked for many years despite suffering from several medical problems (MAB 0466).

3. Ms. Boudreau ceased working for Uvex on April 21, 200. (MAB 0466).

4. Ms. Boudreau initially filed a claim for long-term disability benefits based on severe fatigue, fibromyalgia, decreased cognitive function, dizziness, weakness, confusion, poor memory (MAB 0051-0057).

5. Prudential reviewed the medical records submitted in support of Boudreau's claim including records from Slatersville Physical Therapy, Dr. Aubuchon and Dr. Clough. (MAB 0089-0090)

6. Prudential determined on June 8, 2001 that Boudreau was not eligible for benefits as the medical records reviewed did not document a change in her chronic condition which caused her to cease working. (MAB 0089-0090)

7. Boudreau, through her attorneys at the time, Green & Greenberg, appealed the decision of Prudential on or about February 24, 2002. (MAB 0100-0101)

8. Prudential reviewed the medical reports provided in support of the appeal, including records from Dr. Catallozzi, Dr. Zimmerman, Dr. Clough, Dr. Donta, and Slatersville Physical Therapy. (MAB 0108-0111)

9. On or about April 25, 2002, Prudential determined that Boudreau was eligible for total disability benefits for the limited period of October 10, 2000 through April 8, 2001 due to her treatment for carpal tunnel syndrome and recovery from carpal tunnel surgery. (MAB 0108-0111)

10. However, Prudential determined that the medical records did not substantiate total disability beyond that period (MAB 0110)

11. The letters and reports from Dr. Aubuchon indicated Ms. Boudreau had a pain disorder with both medical and psychological variables. Medically she had fibromyalgia and

chronic fatigue syndrome and psychologically, she suffered from major depression. (MAB 0061).

12. Dr. Aubuchon found Ms. Boudreau to be totally inculpable of employment at that time of any type. (MAB 0061)

13. Dr. Sam Donta diagnosed chronic/active Lyme disease that is debilitating. He decided on a course of treatment that including clarithromycia and hydroxychloroquine (MAB 0394)

14. Ms. Boudreau was awarded Social Security Disability Insurance benefits. (MAB 0092-0097)

15. Dr. Wendy Clough and Dr. Sam Donta recommend neuropsychological testing due to significant deficits noted in an oral mini-mental status exam. (MAB 0120)

16. The neuropsychological examination reveals significant deficits in areas of sustained attention, verbal memory, and aspects of upper extremity motor function, as well as mild executive dysfunction (MAB 0238)

17. Dr. Gersen performed a file review of the medical records at the request of Prudential and determined the testing was valid with good effort (MAB 0133)

18. Dr. Gersen noted it was difficult to determine if Ms. Boudreau's cognitive impairments were a direct result of her depression or her, other conditions of Lyme disease and fibromyalgia (MAB 0133)

19. As part of its review of the appeal, Prudential obtained an "activities investigation" (surveillance) on Boudreau over a three day period at and around her home in Florida. (MAB 0166-0177)

20. The investigator observed Ms. Boudreau riding a bicycle from her house to a clubhouse from 8:51 a.m. to 8:55 a.m. He also noted that the claimant held onto a flotation device during the four-minute ride (MAB 0169-0170).

21. The investigator observed Ms. Boudreau drive an automobile three miles (MAB 0171)

22. The investigator observed Ms. Boudreau pick up a rake at 12:17 p.m. and rake a portion of her yard until 12:24 p.m. She was also seen watering her grass during this seven-minute period (MAB 0173-0174).

23. Ms. Boudreau begins treating with Dr. Joseph Cozzolino who states she is suffering from Lyme disease, which is chronic, and debilitating (MAB 0214).

24. Prudential arranged for Ms. Boudreau to be examined by a psychologist on September 29, 2003 from 8:00 a.m. to 5:30 p.m. (MAB 0187)

25. The "independent" examination is paid $7,560 by Prudential (MAB 0191)

26. Dr. Smith does not conduct any medical examination and tests only for cognitive dysfunction. (MAB 0193-0198)

27. Dr. Cozzoline opined that, in his professional medical judgment Ms. Boudreau's chronic Lyme disease is an overwhelming condition for her leading to chronic myofascial pain syndrome, depression, fatigue and headaches. (MAB 0208)

28. Ms. Boudreau underwent a Vocational Assessment Employability Evaluation on March 3, 2004, by Paul F. Murgo, M.Ed. (MAB 0225-0230)

29. Mr. Murgo reviewed Ms. Boudreau's medical records, interviewed her, and performed vocational testing. (MAB 0225-0230)

30. Mr. Murgo concluded Ms. Boudreau was unemployable (MAB 0230)

31. Dr. Edward Feldman, board certified neurologist was retained to conduct an independent medical record review. (MAB 0456-0457)

32. Dr. Feldman concluded, with a reasonable degree of medical certainty, the patient's combination of medical conditions precludes her ability to work. (MAB 0456)

33. Dr. Feldman found Ms. Boudreau suffered from fibromyalgia, osteoarthritis, Lyme disease, carpal tunnel syndrome, migraine, depression and anxiety. (MAB 0456)

34. Dr. Lumpkin performed a medical review after being retained by Prudential (MAB 0239-0247).

35. Dr. Lumpkin, without examining Ms. Boudreau, found medical evidence to support a diagnosis of cervical stenosis (MAB 0245)

36. Dr. Lumpkin found evidence of fibromyalgia like symptoms. (MAB 0245)

37. Dr. Lumpkin found support for the diagnosis of depression. (MAB 0246)

38. Ms. Boudreau is treated by Michael Cichon, M.D. (MAB 0463-0465)

39. Dr. Cichon concurs with diagnosis of Lyme disease and also diagnosis severe hypogammaglobulinemia (MAB 0464-0465)

40. Prudential requests Dr. Lumpkin review Dr. Cichon's findings (MAB 0260-0269)

41. Dr. Lumpkin admits that the medical records document a continued positive Western Blot that can persist after successful treatment or could represent a repeated infection (MAB 0264)

42. Dr. Lumpkin finds objective support for the diagnosis of hypogamma-globulinemia. (MAB 0266)

Plaintiff,
Mary Ann Boudreau,
By her Attorney,

Anthony J. Gianfrancesco, Esq. (# 2762)
Baluch, Gianfrancesco, Mathieu & Szerlag
155 South Main Street
Suite 101
Providence, Rhode Island 02903
(401) 331-1434
Fax: (401) 351-9653

**CERTIFICATION**

I hereby certify that a copy has been sent to **Michael J. Pisaturo, Esq.**, The Law Office of Michael J. Pisaturo, P.C., 1312 Atwood Avenue, Johnston, Rhode Island 02919 and **William T. Bogaert, Esq. and Carey L. Bertrand, Esq.**, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 155 Federal Street, Boston, Massachusetts 02110, on this 7th day of October, 2005.