UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARY ANN BOUDREAU,<br>Plaintiff<br><br>v.<br><br>BACOU USA, INC. AND<br>PRUDENTIAL INSURANCE<br>COMPANY,<br>Defendants | CIVIL ACTION NO.: 05-154-S |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND ADMINISTRATIVE RECORD FOR JUDICIAL REVIEW**

Now come the Defendants, Bacou USA Inc., and The Prudential Insurance Company of America (hereinafter collectively referred to as "Prudential") and oppose Plaintiff's Motion to Amend Administrative Record for Judicial Review. As grounds for this objection, Prudential states as follows: Plaintiff's Motion is untimely as Plaintiff agreed to the contents of the record on or about September 23, 2005. Plaintiff should have raised this issue prior to the agreement on the contents of the record.

Moreover, the letter Plaintiff seeks to include in the record is not related to the Plaintiff's claim for Long Term Disability benefits, attached hereto as Exhibit A for the Court's convenience. Additionally, this letter states, "*...this decision does not affect the status of her Long Term Disability Benefits and only reflects her eligibility for the continuation of her group life insurance (Group Life Insurance Premiums).*" Ex. A. (emphasis added). Thus, since Plaintiff's eligibility for the continuation of her *life insurance* is not at issue in this matter, this letter is not properly part of the administrative record.

Further, in an ERISA denial of benefits action, the proper record to be considered by the Court is the record before Prudential when it made its final claim decision. *See* Kiley v. Travelers Indem. Co., 853 F. Supp. 6, 14 (D. Mass. 1994)("at least in the context of applying deferential standard of review, this Court will limit the record to the facts before [the claims administrator] absent further guidance from the First Circuit"). The administrative record, as provided to this Court and agreed upon by Plaintiff consisted of Prudential's entire file on Plaintiff's claim for disability benefits. The letter at issue was not contained in this claims file.

The First Circuit stated that "at least some very good reason is needed to overcome the strong presumption that the record on review is limited to the record before the administrator." Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19, 23 (1st Cir. 2003). The record, which has already been submitted to the Court, consists of all of the information before Prudential in making a decision on Plaintiff's claim for long term disability benefits. Thus, because Plaintiff has given no good reason for its inclusion, this letter is not properly part of the administrative record. Finally, the focus of this Court's review ultimately will be on the final decision of Prudential, making the letter irrelevant as it is not a final decision on Plaintiff's claim for long term disability benefits. Terry v Bayer, 145 F.3d 28, 36 (1st Cir. 1998).

Wherefore, Prudential requests that the Court deny Plaintiff's Motion to Amend Administrative Record for Judicial Review.

Respectfully submitted,
BACOU USA, INC. and
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,
By its attorneys,

William T. Bogaert, /by MJP
William T. Bogaert,
*Admitted Pro Hac Vice*
Carey L. Bertrand
*Admitted Pro Hac Vice*
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

Local Counsel:

Michael J. Pisaturo
Michael J. Pisaturo
The Law Office of Michael J. Pisaturo, PC
1312 Atwood Avenue
Johnston, RI 02919
401-464-8111
401-942-4928 Fax

**Certification**

I hereby certify that I have mailed a copy of the within opposition to counsel for plaintiff Anthony J. Gianfrancesco, Esq. at 155 South Main Street, Providence, RI 02903 on the 11th day of October 2005.

Michael J. Pisaturo
Michael J. Pisaturo