UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARY ANN BOUDREAU | : | |
| | : | |
| v. | : | C.A. No. 05-154S |
| | : | |
| BACOU USA, INC. and | : | |
| PRUDENTIAL INSURANCE | : | |
| COMPANY | : | |

**MEMORANDUM AND ORDER**

Before the Court for determination is Plaintiff's Motion to Amend Administrative Record for Judicial Review (Document No. 15). 28 U.S.C. § 636(b)(1)(A); Local R. 32(b). The Court has determined that no hearing is necessary and neither party has requested one. For the reasons discussed below, Plaintiff's Motion is GRANTED.

Plaintiff seeks to amend the administrative record to add one four-page document – a letter dated August 7, 2003 from a representative of Defendant, The Prudential Insurance Company of America ("Prudential") to Plaintiff's counsel. The letter advises Plaintiff that Prudential was denying her request for continuation (or waiver of premium) of her group life insurance benefit because she did not meet the definition of "Total Disability" under the group life insurance policy issued to Defendant, Bacou USA, Inc. The letter also advises Plaintiff that Prudential reviewed her "Long Term Disability file" in making this adverse eligibility determination.

Defendants object to amending the record to include the August 7, 2003 letter because it deals with Plaintiff's eligibility for continued life insurance coverage and not the discontinuance of long-term disability benefits which is the subject of this ERISA action. Defendants cite Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19, 23 (1st Cir. 2003), for the proposition that the

record on review in an ERISA action "is limited to the record before the administrator." In other words, the plan administrator's decision should not be judged after the fact based on the review of evidence or claims never presented to it.

Plaintiff is not seeking to blindside Defendants with "new" medical or other evidence or claims never presented for consideration during the claim review process. Plaintiff is seeking to include a letter in the record which was issued by a representative of Prudential, and it involves a disability claim determination made contemporaneously with consideration of Plaintiff's long-term disability benefit claim and made by Prudential, according to the letter, based solely on a review of Plaintiff's "Long Term Disability file." The letter also applies a definition of "Total Disability" which is substantially the same as the definition of "Total Disability" in the long-term disability group policy. Finally, since a representative of Prudential issued the letter in question, the letter was necessarily "available to the plan administrator" when Plaintiff's long-term disability claim was formally denied by letter dated October 31, 2003. See Krodel v. Bayer Corp., 345 F. Supp. 2d 110, 117 (D. Mass. 2004) (ERISA review may extend to records available to the plan administrator). The letter is sufficiently related to warrant its inclusion in the Administrative Record for Judicial Review in this matter.

For the reasons discussed above, Plaintiff's Motion to Amend Administrative Record for Judicial Review (Document No. 15) is GRANTED. The Clerk is directed to add the attached August 7, 2003 letter to the Administrative Record as pages MAB 509 to 512.

LINCOLN D. ALMOND
United States Magistrate Judge
October 19, 2005