UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARY ANN BOUDREAU

V. C.A. No.: 05-154 S

BACOU USA, INC.
and PRUDENTIAL INSURANCE COMPANY

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Prudential Insurance Company based its determination that Mary Ann Boudreau was not disabled on the following seven factors:

(1) The Plan's definition of total disability;

(2) The physical requirements of the position of Buyer at Uvex;

(3) Surveillance of Ms. Boudreau;

(4) The Plaintiff's medical records;

(5) Examination of Ms. Boudreau by an "independent" neuropsychologist;

(6) Numerous "independent" file reviews performed by a rheumatologist; and

(7) The materials reviewed and conclusions rendered to support each of these factors, however are not reliable. In fact, Defendant's conclusions are based upon information that is false, misleading and factually inaccurate. As such, the decision of Prudential relying on faulty evidence is not reasoned and should not be allowed to stand.

As to the first and second factors, while Prudential correctly notes that a finding of total disability requires that one is incapable of performing. The material and substantial duties of her occupation, its characterization of Plaintiff's job duties is misleading in that it

omits key components of Plaintiff's responsibilities. Prudential has consistently characterized Ms. Boudreau's job as sedentary, the only evidence of her job duties is the summary, which appears in the Administrative Record (MAB 104). The job duties listed include among other things, meetings with suppliers, on-site evaluations and problem solving with each department. Indeed, the very nature of a job such as "Buyer" connotes more than a sedentary position. Nowhere in the record is there any basis for so classifying this position, yet it is continuously cited by Prudential as a basis for denying Ms. Boudreau's claim.

The third factor, surveillance of Ms. Boudreau, is the most disturbing. Prudential has consistently relied upon its observations of Plaintiff doing yard work, riding a bike, operating a motor vehicle, walking, carrying a backpack and shopping to support is claim Ms. Boudreau was able to function at a level greater than sedentary. It has already been established that her job was not sedentary. More importantly, the characterization of the surveillance activity is especially disingenuous.

The actual surveillance report documents much less activity than characterized by Prudential. For example, she was observed entering her garage at 12:17 p.m. and grabbed a rake and a hand tool. At 12:23 (6 minutes later), she was observed watering the area she had raked. At 12:24, she returned the rake and hand tool to the garage (MAB 0173-0174). Yet Prudential consistently characterizes this activity as "raking her yard and using a garden hose". All of Prudential's "independent" experts were told that Plaintiff engaged in activity inconsistent with debilitating impairments, but the actual surveillance was not tendered to these providers. In short, the "independent" medical providers were not given the surveillance materials but rather Defendant's subjective interpretation thereof.

Prudential also claims that it based its denial, in part, on plaintiff's medical records. Yet each of the physicians that have examined or treated Ms. Boudreau has opined, in one fashion or another, that she is disabled. Indeed, not one of the many physicians she has treated with (Drs. Catallozzi, Zimmerman, Clough, Donta, Aubuchon, Cozzolino, and Cichon) has indicated that Ms. Boudreau has any ability to perform the material and substantial duties of her occupation.

The final factors used by Prudential to substantiate its denial of Ms. Boudreau's claim is its reliance on "independent" medical examinations and reviews. However, the very use of the term "independent" is repugnant. Prudential paid Dr. Smith, a neuropsychologist, $7,560.00 to conduct an examination only after its prior neuropsychologist, Dr. Gersen supported Ms. Boudreau's claim for disability based upon his records review. Clearly, Prudential would continue to pay for and pursue a neuropsychologist until it found one that would issue a favorable report.

Similarly, Prudential points to "the numerous 'independent' review of Dr. Lumpkin" (pg. 19, Defendant's Memorandum). There were only two reviews conducted by her. The first concluded that, although Ms. Boudreau did have objective evidence to support a claim for disability, "a period of observation revealed Ms. Boudreau had the ability to drive, ride a bicycle, bend, lift, carry and perform household maintenance independently". The second review was limited to Ms. Boudreau's Lyme disease. Dr. Lumpkin never analyzed all of Ms. Boudreau's complaints, focusing singularly on issues and areas of concern to Prudential.

The United States Court of Appeals for the First Circuit has recently held that when a claim administrator relies on multiple pieces of faulty evidence to support a denial of disability, the evidence supporting such a decision is not reasoned and is therefore arbitrary

and capricious *Buffonge vs. Prudential Insurance Co. of America*, No. 05-1416 (Oct. 14, 2005). In that *Buffonge*, the First Circuit overturned a summary judgment in favor of the Defendant the decision concluding that Prudential's "process was materially tainted, and the taint was sufficiently prejudicial so as to render the process arbitrary". (*Buffonge,* page 18). There, as in the instant case, Prudential relied on a report it knew was misleading and mischaracterized other reports (pg. 18).

## CONCLUSION

There can be no doubt that Defendant's reliance upon conclusions of medical examiners who were mislead or misinformed, and upon evidence that was mischaracterized or otherwise unreliable, can lead to no other reasonable conclusion other than the fact that Defendant's denied of benefits was arbitrary and capricious.

Plaintiff,
Mary Ann Boudreau,
By her Attorney,

Anthony J. Gianfrancesco, Esq. (# 2762)
Baluch, Gianfrancesco, Mathieu & Alger
155 South Main Street
Suite 101
Providence, Rhode Island 02903
(401) 331-1434
Fax: (401) 351-9653

## CERTIFICATION

I hereby certify that a copy has been sent to **Michael J. Pisaturo, Esq.**, The Law Office of Michael J. Pisaturo, P.C., 1312 Atwood Avenue, Johnston, Rhode Island 02919 and **William T. Bogaert, Esq. and Carey L. Bertrand, Esq.**, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 155 Federal Street, Boston, Massachusetts 02110, on this 28th day of October, 2005.