UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARY ANN BOUDREAU,
Plaintiff

v.

BACOU USA, INC. AND
PRUDENTIAL INSURANCE
COMPANY,
Defendants

CIVIL ACTION NO.: 05-154-S

**DEFENDANTS' RESPONSE TO PLAINTIFF'S L.R. 12.1 STATEMENT OF UNDISPUTED FACTS IN CONNECTION WITH HER MOTION FOR SUMMARY JUDGMENT**

Pursuant to L.R. 12.1 (1) of the United States District Court for the District of Rhode Island, Defendants, Bacou USA, Inc., and the Prudential Insurance Company of America (hereinafter collectively referred to as "Prudential") submits this response to Plaintiff's Statement of Undisputed Facts:

**STATEMENT OF UNDISPUTED FACTS**

The following is Ms. Boudreau's L.R. 12.1(1) concise statement of all undisputed material facts:

1. Ms. Boudreau was employed as a buyer for the defendant Uvex Corp. (a subsidiary of Bacou USA, Inc.) for almost twenty years (MAB 0055-0056; 0061).

   **RESPONSE**:
   Prudential admits Undisputed Fact No. 1.

2. Ms. Boudreau worked for many years despite suffering from several medical problems (MAB 0466).

   **RESPONSE**:

Prudential admits Undisputed Fact No. 2.

3. Ms. Boudreau ceased working for Uvex on April 21, 200. (sic) (MAB 0466)

**RESPONSE**:
Prudential admits Undisputed Fact No. 3.

4. Ms. Boudreau initially filed a claim for long-term disability benefits based on severe fatigue, fibromyalgia, decreased cognitive function, dizziness, weakness, confusion, poor memory (MAB 0051-0057).

**RESPONSE**:
Prudential admits Undisputed Fact No. 4

4. Prudential reviewed the medical records submitted in support of Boudreau's claim including records from Slatersville Physical Therapy, Dr. Aubuchon and Dr. Clough. (MAB 0089-0090).

**RESPONSE**:
Prudential admits Undisputed Fact No. 5.

5. Prudential determined on June 8, 2001 that Boudreau was not eligible for benefits as the medical records reviewed did not document a change in her chronic condition which caused her to cease working. (MAB 0089-0090)

**RESPONSE**:
Prudential admits Undisputed Fact No. 6, but further states that the reasons for Prudential's decision are outlined in a written document, MAB 0089-0090, thus the document speaks for itself.

6. Boudreau, through her attorneys at the time, Green & Greenberg, appealed the decision of Prudential on or about February 24, 2002. (MAB 0100-0101)

**RESPONSE**:
Prudential admits Undisputed Fact No. 7.

7. Prudential reviewed the medical reports provided in support of the appeal, including records from Dr. Catallozzi, Dr. Zimmerman, Dr. Clough, Dr. Donta, and Slatersville Physical Therapy. (MAB 0108-0111)

**RESPONSE**:
Prudential admits Undisputed Fact No. 8.

9. On or about April 25, 2002, Prudential determined that Boudreau was eligible for total disability benefits for the limited period of October 10, 2000 through April 8,

2001 due to her treatment for carpal tunnel syndrome and recovery from carpal tunnel surgery. (MAB 0108-0111)

**RESPONSE**:

Prudential admits Undisputed Fact No. 9, but further states that the reasons for Prudential's decision are outlined in a written document, MAB 0089-0090, thus the document speaks for itself.

10. However, Prudential determined that the medical records did not substantiate total disability beyond that period. (MAB 0110)

**RESPONSE**:

Prudential admits Undisputed Fact No. 10, but further states that the reasons for Prudential's decision are outlined in a written document, MAB 0089-0090, thus the document speaks for itself.

11. The letters and reports from Dr. Aubuchon indicated Ms. Boudreau had a pain disorder with both medical and psychological variables. Medically she had fibromyalgia and chronic fatigue syndrome and psychologically, she suffered from major depression. (MAB0061)

**RESPONSE**:

The letters and reports from Dr. Aubuchon, being written documents speak for themselves.

12. Dr. Aubuchon found Ms. Boudreau to be totally inculpable of employment at that time.

**RESPONSE**:

The letters and reports from Dr. Aubuchon, being written documents speak for themselves.

13. Dr. Sam Donta diagnosed chronic/active Lyme disease that is debilitating. He decided on a course of treatment that including clarithromycia and hydroxychloroquine. (MAB 0394).

**RESPONSE**:

The letters and reports from Dr. Donta, being written documents speak for themselves.

14. Ms. Boudreau was awarded Social Security Disability Insurance benefits.

**RESPONSE**:

Prudential admits Undisputed Fact No. 14.

15. Dr. Wendy Clough and Dr. Sam Donta recommend neuropsychological testing due to significant deficits noted in an oral mini-mental status exam. (MAB 0120)

**RESPONSE:**
The letters and reports from Dr. Clough and Donta, being written documents speak for themselves.

16. The neuropsychological examination reveals significant deficits in areas of sustained attention, verbal memory, and aspects of upper extremity motor function, as well as mild executive dysfunction. (MAB 0238)

**RESPONSE:**
The letters and reports from Dr. Clough and Donta, being written documents speak for themselves.

17. Dr. Gersen performed a file review of the medical records at the request of Prudential and determined the testing was valid with good effort (MAB 0133)

**RESPONSE:**
The letters and reports from Dr. Gersen, being written documents speak for themselves.

18. Dr. Gersen noted it was difficult to determine if Ms. Boudreau's cognitive impairments were a direct result of her depression or her other conditions of Lyme disease and fibromyalgia. (MAB 0133).

**RESPONSE:**
The letters and reports from Dr. Gersen, being written documents speak for themselves.

19. As part of its review of the appeal, Prudential obtained an "activities investigation" (surveillance) on Boudreau over a three day period at and around her home in Florida. (MAB 0166-0177)

**RESPONSE:**
Prudential admits Undisputed Fact No. 19.

20. The investigator observed Ms. Boudreau riding a bicycle from her house to a clubhouse from 8:51 a.m. to 8:55 a.m. He also noted that the claimant held onto a flotation device during the four-minute ride.

**RESPONSE:**
The report of the investigator is a written document, thus it speaks for itself.

21. The investigator observed Ms. Boudreau drive an automobile three miles. (MAB 0171)

**RESPONSE**:
The report of the investigator is a written document, thus it speaks for itself.

22. The investigator observed Ms. Boudreau pick up a rake at 12:17 p.m. and rake a portion of her yard until 12:24 p.m. She was also seen watering her grass during this seven- minute period.

**RESPONSE**:
The report of the investigator is a written document, thus it speaks for itself.

23. Ms. Boudreau begins treating with Dr. Joseph Cozzolino who states she is suffering from Lyme disease, which is chronic and debilitating. (MAB 0214)

**RESPONSE**:
The reports and notes from Dr. Cozzolino are written documents thus they speak for themselves.

24. Prudential arranged for Ms. Boudreau to be examined by a psychologist on September 29, 2003 from 8:00 a.m. to 5:30 p.m. (MAB 0187)

**RESPONSE**:
Prudential admits Undisputed Fact No. 24.

25. The "independent" examination is paid $7,560 by Prudential. (MAB 0191)

**RESPONSE**:
Prudential admits that an independent medical examination was performed and that Prudential paid for this examination. Prudential further responds that the invoice is a written document thus it speaks for itself. Prudential further answers that the use of quotations by the Plaintiff to describe this examination is argumentative and Prudential denies.

26. Dr. Smith does not conduct any medical examination and tests only for cognitive dysfunction. (MAB 0193-0198)

**RESPONSE**:
The report from Dr. Smith is a written document thus it speaks for itself.

27. Dr. Cozzolino opined that, in his professional medical judgment Ms. Boudreau's chronic Lyme disease is an overwhelming condition for her leading to chronic myofascial pain syndrome, depression, fatigue and headaches. (MAB 0208)

**RESPONSE**:
Being written documents, the reports and notes from Dr. Cozzolino speak for themselves.

28. Ms. Boudreau underwent a Vocational Assessment Employability Evaluation on March 3, 2004 by Paul F. Murgo, M.Ed. (MAB 0225-0230)

**RESPONSE**:
Prudential admits Undisputed Fact No. 28.

29. Mr. Murgo concluded Ms. Boudreau was unemployable (MAB 0230)

**RESPONSE**:
Mr. Murgo's report is a written document, thus it speaks for itself.

30. Mr. Murgo concluded Ms. Boudreau was unemployable (MAB 0230)

**RESPONSE**:
Mr. Murgo's report is a written document, thus it speaks for itself.

31. Dr. Edward Feldman, board certified neurologist was retained to conduct an independent medical record review. (MAB 0456-0457)

**RESPONSE**:
Prudential admits that Dr. Feldman was retained by Plaintiff's counsel to conduct a record review and Prudential denies the remainder.

32. Dr. Feldman concluded, with a reasonable degree of medical certainty, the patient's combination of medical conditions precludes her ability to work. (MAB 0456)

**RESPONSE**:
Dr. Feldman's report is a written document, thus it speaks for itself.

33. Dr. Feldman found Ms. Boudreau suffered from fibromyalgia, osteoarthritis, Lyme disease, carpal tunnel syndrome, migraine, depression and anxiety.

**RESPONSE**:
Dr. Feldman's report is a written document, thus it speaks for itself.

34. Dr. Lumpkin performed a medical review after being retained by Prudential.

**RESPONSE**:
Prudential admits Undisputed Fact No. 34.

35. Dr. Lumpkin performed a medical review after being retained by Prudential. (MAB 0239-0247)

**RESPONSE**:

Dr. Lumpkin's report is a written document thus it speaks for itself.

36. Dr. Lumpkin found evidence of fibromyalgia like symptoms.

**RESPONSE**:
Dr. Lumpkin's report is a written document thus it speaks for itself.

37. Dr. Lumpkin found support for the diagnosis of depression. (MAB 0246)

**RESPONSE**:
Dr. Lumpkin's report is a written document thus it speaks for itself.

38. Ms. Boudreau is treated by Michael Cichon, M.D. (MAB 0463-0465)

**RESPONSE:**
Prudential admits Undisputed Fact No. 38.

39. Dr. Cichon concurs with diagnosis of Lyme disease and also diagnosis severe hypogammaglobulinemia. (MAB 0464-0465)

**RESPONSE**:
The notes and reports from Dr. Cichon are written documents thus they speak for themselves.

40. Prudential requests Dr. Lumpkin review Dr. Cichon's findings (MAB 0260-0269)

**RESPONSE:**
Prudential admits Undisputed Fact No. 40.

41. Dr. Lumpkin admits that the medical records document a continued positive Western Blot that can persist after successful treatment or could represent a repeated infection. (MAB 0264)

**RESPONSE**:
Dr. Lumpkin's reports are written documents that speak for themselves and Prudential denies that they contain admissions.

42. Dr. Lumpkin finds objective support for the diagnosis of hypogammaglobulinemia. (MAB 0266)

**RESPONSE**:
Dr. Lumpkin's report, being a written document, speaks for itself.

Respectfully submitted,

BACOU USA, INC. and
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,
By its attorneys,

William T. Bogaert / bg MJP

William T. Bogaert,
*Admitted Pro Hac Vice*
Carey L. Bertrand
*Admitted Pro Hac Vice*
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

Local Counsel:

Michael J. Pisaturo

Michael J. Pisaturo
The Law Office of Michael J. Pisaturo, PC
1312 Atwood Avenue
Johnston, RI 02919
401-464-8111
401-942-4928 Fax

**CERTIFICATE OF SERVICE**

I, Michael J. Pisaturo, hereby certify that a true copy of the foregoing document was served upon all counsel of record by forwarding a copy of the same, first class mail, postage prepaid on this 28 day of October 2005 to:

Anthony J. Gianfrancesco, Esq.
Baluch, Gianfrancesco, Mathieu & Szerlag
155 South Main Street
Suite 101
Providence, RI 02903

Michael J. Pisaturo

Michael J. Pisaturo