UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARY ANN BOUDREAU,<br>Plaintiff<br><br>v.<br><br>BACOU USA, INC. AND PRUDENTIAL INSURANCE COMPANY,<br>Defendants | CIVIL ACTION NO.: 05-154-S |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S L.R.12.1 STATEMENT OF DISPUTED FACTS IN CONNECTION WITH HER MOTION FOR SUMMARY JUDGMENT**

Pursuant to L.R. 12.1 (1) of the United States District Court for the District of Rhode Island, Defendants, Bacou USA, Inc. and the Prudential Insurance Company of America (hereinafter collectively referred to as "Prudential"), submit their response to the Plaintiff's statement of disputed facts:

**STATEMENT OF DISPUTED FACTS**

1. The cervical MRI records indicated moderate to advanced central stenosis but clinical exams were unremarkable.

**RESPONSE:**

This disputed fact does not refer to any specific medical record contained in the Administrative Record, thus Prudential objects to its inclusion as there is no support for this statement. Prudential further answers that as the medical records contained in the administrative record are written documents, they speak for themselves.

2. Although Ms. Boudreau was diagnosed with Lyme disease, there was no evidence to suggest that the condition would continuously prevent her from working.

**RESPONSE:**

This disputed fact does not refer to any specific medical record contained in the Administrative Record, thus Prudential objects to its inclusion as there is no support for this statement. Prudential further answers that as the medical records contained in the administrative record are written documents, they speak for themselves.

3. Ms. Boudreau's own reported activities of maintaining her home, shopping, going to the ocean and riding the bumper cars at an amusement park reflected physical capabilities consistent with at least a sedentary level of function.

**RESPONSE:**

This disputed fact does not refer to any specific document contained in the Administrative Record, thus Prudential objects to its inclusion as there is no support for this statement. Prudential further answers that as documents contained in the administrative record are written documents, they speak for themselves.

Respectfully submitted,
BACOU USA, INC. and
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,
By its attorneys,

William T. Bogaert (by MJP)

William T. Bogaert,
*Admitted Pro Hac Vice*
Carey L. Bertrand
*Admitted Pro Hac Vice*
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

Local Counsel:

Michael J. Pisaturo
The Law Office of Michael J. Pisaturo, PC
1312 Atwood Avenue
Johnston, RI 02919
401-464-8111
401-942-4928 Fax

**CERTIFICATE OF SERVICE**

I, Michael J. Pisaturo, hereby certify that a true copy of the foregoing document was served upon all counsel of record by forwarding a copy of the same, first class mail, postage prepaid on this 28 day of October 2005 to:

Anthony J. Gianfrancesco, Esq.
Baluch, Gianfrancesco, Mathieu & Szerlag
155 South Main Street
Suite 101
Providence, RI 02903

Michael J. Pisaturo