UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARY ANN BOUDREAU

V. C.A. No.: 05-154 S

BACOU USA, INC.
and PRUDENTIAL INSURANCE COMPANY

**PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE LINCOLN D. ALMOND**

Now comes the Plaintiff and pursuant to Local Rule 32(c) (2) objects to the Report and Recommendation of Magistrate Judge Lincoln D. Almond dated December 29, 2005. The Plaintiff identifies the Magistrate Judge's errors below:

**A. Plaintiff's Recorded Ability to Work.**

Magistrate Judge Almond notes that "this is a complex case, and the administrative record exceeds 500 pages." (pg. 12). He finds "the record is unclear as to what caused Plaintiff to abruptly go from a long history of full-time employment to an inability to work at all" (pg. 13). Clearly, Magistrate Judge Almond misread the record. Page after page of Prudential's documents and the medical records document a slow deterioration. Dr. Paul Aubuchon notes at MAB 0061, "it was obvious that she had decompensated to a point that she was incapable of continuing her employment." Dr. Wendy Clough states at MAB 0115 "when she does occasionally push herself to a greater level of effort, she then collapses and has to spend several days in bed. Magistrate Judge Almond's finding of "abrupt" inability to work is also contradicted by Prudential's decision to award disability benefits to Ms. Boudreau on two separate occasions.

**B. Prudential's Attempts to Bias the Review Process.**

Magistrate Judge Almond did not feel "that Prudential's focus on and repetition of the statement 'I need to fail this test' was unreasonable under the circumstances." (pg. 14) Plaintiff respectfully submits that Magistrate Judge Almond misses the point of Prudential's use of this phrase. Plaintiff applied for disability benefits in April of 2000. She treated with multiple health care providers over five years and has suffered from nine separate medical diagnoses. Ms. Boudreau is entitled to a fair and reasoned review process. Prudential's consistent use of a single phrase uttered at one evaluation is grossly unfair. Plaintiff did not suggest the phrase should be ignored or not considered; however, Prudential's consistent emphasis on this phrase unfairly portrays the Plaintiff and biases any reviewer against her. Prudential has "cherry-picked" one phrase out of a 500-page administrative record is simply unfair, unreasonable and calculated to deny Ms. Boudreau benefits.

C. **Magistrate Judge Almond's Conclusion that Dr. Lumpkin's Reports Justified Prudential's Denial is Plainly Wrong.**

Finally, Magistrate Judge Almond found that Dr. Tanya Lumpkin's reports were "detailed and thorough" and "provided a rational basis for Prudential's denial of plaintiff's LTD claims." (pg. 19). Magistrate Judge Almond failed to recognize Dr. Lumpkin's mischaracterized Ms. Boudreau's level of functionality when he wrote:

> Although [Plaintiff] reported difficulties with activities of daily living, there are also indications in records that she was able to maintain the home, shop, went to the ocean, and went to an amusement park with her grandchildren where [Plaintiff] rode the bumper cars. These activities are reflective of physical capabilities consistent with at least a sedentary level of function.

(MAB 247)

Misapprehending the importance of Dr. Lumpkin's analysis and conclusion, he states, "the quotation was but one small piece of the puzzle…and "***there is no indication in her report that it was a conclusive piece.***" (pg. 18) (emphasis added) Dr. Lumpkin's report (located at MAB 240-247) specifically states otherwise. She states in her conclusion, "the current level of function displayed in the record is that of independence with activities of daily living and ability to drive, ride a bicycle and bend, lift and carry."

D. **Conclusion.**

In summary, Magistrate Judge Almond's conclusion that "Lumpkins' reports provided a a rational basis for Prudential's denial of Plaintiff's LTD claim" is simply not supported by the facts in this matter. Indeed, the Magistrate Judge's insistence that the faulty evidence "considered" by Lumpkin did not "materially taint" her conclusion, is not consistent with notions of fairplay. It is axiomatic that, "a decision relying on multiple pieces of faulty evidence is not reasoned." Buffonage v. The Prudential Insurance Company of America, 426 F.3d 20 (1st Cir. 2005). As Prudential has not provided reasoned support for its conclusion, its decision to deny Plaintiff's LTD benefits is arbitrary and capricious and must be reversed.

Plaintiff,
Mary Ann Boudreau,
By her Attorney,

Anthony J. Gianfrancesco, Esq. (# 2762)
Baluch, Gianfrancesco, Mathieu & Szerlag
155 South Main Street
Suite 101
Providence, Rhode Island 02903
(401) 331-1434

**CERTIFICATION**

I hereby certify that a copy has been sent to **Michael J. Pisaturo, Esq.**, The Law Office of Michael J. Pisaturo, P.C., 1312 Atwood Avenue, Johnston, Rhode Island 02919 and **William T. Bogaert, Esq. and Carey L. Bertrand, Esq.**, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 155 Federal Street, Boston, Massachusetts 02110, on this 5th day of January, 2006.